# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTONIO LOVE,                          :

    Plaintiff,                     :

vs.                                    :        CA 10-0166-CG-C

CITY OF MOBILE, et al.,                :

    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the complaint (*see* Doc. 16, Exhibit A), the motion to dismiss filed by defendants Dollar General Corporation and Kenneth Gooden (Doc. 16), the plaintiff's opposition (Doc. 18), and the moving defendants' response (Doc. 19). After consideration of the foregoing pleadings, it is the undersigned's recommendation that the motion to dismiss filed by Dollar General Corporation and Kenneth Gooden be **GRANTED IN PART** and **DENIED IN PART**.

## FINDINGS OF FACT

1. Plaintiff, who is deaf and mentally disabled, filed a twelve-count complaint against the moving defendants, the City of Mobile, Officer Kevin Rodgers, and others, arising out of a July 24, 2009 incident at the Dollar General Store located on Azalea Road in Mobile, Alabama. (*See* Doc. 16, Exhibit A, COMPLAINT) Love claims he was

subjected to a false arrest, excessive force and assault and battery at the hands of Officer Rodgers and another unidentified police officer. (*See id.*)

2. Plaintiff, a frequent visitor to the Dollar General on Azalea Road, entered the store's bathroom after feeling sick to his stomach. (*Id.* at ¶ 13) For reasons unknown to Love, Dollar General store manager Kenneth Gooden called 911while he was inside the restroom. (*Id.* at ¶ 14) When officers arrived at the store, they began banging on the bathroom door and yelling for plaintiff to exit the restroom; however, "due to his being deaf, [p]laintiff could not hear what the officers were yelling, he could only detect the vibrations coming from them banging on the door." (*Id.* at ¶ 15) Frightened, the plaintiff stayed in the bathroom and hid under the umbrella he had brought to the store with him. (*Id.* at ¶ 16)

3. Receiving no response from Love, the officers shot pepper spray under the bathroom door[1] and eventually open the door with such force that plaintiff suffered a sizeable wound to his head as he was thrown backwards. (*Id.* at ¶¶ 17 & 19) The officers tasered Love three times and arrested him on charges of failing to obey orders, resisting arrest, and disorderly conduct. (*Id.* at ¶¶ 20 & 22) After a magistrate refused to issue arrest warrants on these charges, the officers returned plaintiff to his apartment complex "where they left him in the parking lot with no explanation to [his] worried family about where [he] had been for the prior six hours." (*Id.* at ¶¶ 23-24)

---

[1] When the pepper spray hit plaintiff, he threw down the umbrella and turned to the sink to rinse the spray off his face. (*Id.* at ¶ 18)

2

4. Gooden had prior knowledge of plaintiff and his disabilities and though the store manager was aware that it was plaintiff in the bathroom "[t]hroughout the entire incident," he never relayed this information to the officers. (*Id*. at ¶¶ 25-26)

5. Love asserts the following two claims against defendants Dollar General and Gooden:

## COUNT X

65. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

66. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "A," knew, or should have known, that Plaintiff was deaf and mentally disabled.

67. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "A" were under a duty to simply unlock the door to check on Plaintiff and/or communicate to the police Plaintiff's disabilities so that they could properly handle the situation and/or communicate to the police the ease at which the subject door could have been unlocked.

68. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "A" negligently or wantonly failed to simply unlock the door to check on Plaintiff and/or negligently or wantonly failed to communicate to the police Plaintiff's disabilities and/or negligently or wantonly failed to communicate to the police the ease at which the subject door could have been unlocked.

69. As a result of the conduct of the Defendants set out in this count, Plaintiff was pepper sprayed and tasered by the police and was caused to suffer emotional and physical injuries and damages, embarrassment, humiliation and has been caused to incur medical bills and other expenses.

WHEREFORE, Plaintiff demands general compensatory and punitive damages plus interest and costs, both jointly and severally against

all Defendants, both named and fictitious.

## COUNT XI

70. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

71. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "B" were under a duty to properly train managers and/or employees on the proper way to handle similar situations.

72. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "B" were under a duty to properly supervise managers and/or employees when a[] situation such as this occurred.

73. Defendants Dollar General Corporation, Kenneth Gooden and/or Fictitious Defendant "B" negligently or wantonly failed to properly train, retain and/or supervise managers and employees.

74. As a result of the conduct of the Defendants set out in this count, Plaintiff was pepper sprayed and tasered by the police and was caused to suffer emotional and physical injuries and damages, embarrassment, humiliation and has been caused to incur medical bills and other expenses.

WHEREFORE, Plaintiff demands general compensatory and punitive damages plus interest and costs, both jointly and severally against all Defendants, both named and fictitious.

(Doc. 16, Exhibit A, COMPLAINT, at ¶¶ 65-74)

6. Defendants Dollar General and Kenneth Gooden filed their Rule 12(b)(6) motion to dismiss on April 29, 2010. (Doc. 16) The plaintiff joined the issue on May 20, 2010 (Doc. 18) and the moving defendants filed their response to plaintiff's opposition on May 27, 2010 (Doc. 19).

## **CONCLUSIONS OF LAW**

**A.** **Motion to Dismiss Standard.**

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

2. Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.*, quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief.

*Id.* at ____, 129 S.Ct. at 1949-1950 (internal citations and quotation marks omitted); *see also id.* at ____, 129 S.Ct. at 1950-1951 (a plaintiff must nudge his claims "'across the line from conceiveable to plausible.'").

### B. **State Law Claims Asserted Against Dollar General & Gooden**.

3. Plaintiff has asserted a negligence/wantonness claim against defendants Kenneth Gooden and Dollar General and, as well, claims that these defendants are liable for their negligent or wanton failure to properly train managers and employees. (*See* Doc.

16, Exhibit A, COMPLAINT, at ¶¶ 65-74) In response to the moving defendants' motion to dismiss all claims, plaintiff has admitted that the negligent hiring, training, and supervision claim asserted against Gooden should be dismissed. (Doc. 18, at 2 & 3 n.1) Accordingly, that portion of Count XI directed to Gooden is due to be **DISMISSED WITH PREJUDICE**. *See Ott v. City of Mobile,* 169 F.Supp.2d 1301, 1315 (S.D. Ala. 2001) ("Alabama law is clear that the tort of negligent supervision or training requires as an element the existence of a master-servant relationship. . . . A supervisor is not the master of a subordinate, nor is the subordinate the servant of the supervisor; rather, as Alabama cases make plain, the status of 'master' is restricted to one who is actually or essentially the employer of the servant.").

  4. The pivotal issue with respect to the instant motion to dismiss is whether plaintiff has asserted a negligence cause of action against Gooden and Dollar General. "'The elements of a negligence claim are a duty, a breach of that duty, causation, and damage.'" *Prill v. Marrone*, 23 So.3d 1, 6 (Ala. 2009), quoting *Armstrong Business Servs., Inc. v. AmSouth Bank,* 817 So.2d 665, 679 (Ala. 2001); *see also Ford Motor Co. v. Burdeshaw*, 661 So.2d 236, 238 (Ala. 1995) ("To recover under a negligence claim, the plaintiff must establish (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or an injury; and (4) that the defendant's negligence was the actual and proximate cause of that loss or injury.").

  5. Gooden and Dollar General take the position that they did not owe plaintiff

a legal duty, *see Thompson v. Mindis Metals, Inc.,* 692 So.2d 805, 807 (Ala. 1997) ("'It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty.' . . . A legal duty arises either from the common law or from a statute."), a strictly legal question to be determined by the court, *Pritchett v. ICN Medical Alliance, Inc.,* 938 So.2d 933, 937 (Ala. 2006) ("'In Alabama, the existence of a duty is a strictly legal question to be determined by the court.'").[2] While it is all too clear, as defendants contend, that a storekeeper is not the insurer of a customer's safety, *see, e.g., Wal-Mart Stores, Inc. v. McClinton*, 631 So.2d 232, 234 (Ala. 1993); *Borden v. Consumer Warehouse Foods, Inc.,* 601 So.2d 976, 977 (Ala. 1992), it is just as clear that "'a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers.'" *Cuevas v. W.E. Walker, Inc.,* 565 So.2d 176, 177 (Ala. 1990) (citations omitted); *see also McClinton, supra,* 631 So.2d at 234 (same); *Borden, supra,* 601 So.2d at 677 (same). In light of the fact that the Alabama Supreme Court uses the words customer and invitee interchangeably, *compare Borden, supra,* 601 So.2d at 979 ("The duty of a shopkeeper to maintain premises in a reasonably safe condition for its invitees is well settled. Although a storekeeper is not an insurer of the customer's safety while the customer is on the premises, we believe that the facts of this case show that the storekeeper permitted the customers to use its premises while the

---

[2] As reflected by Alabama case law, in particular all cases relied upon by the defendants herein, though this is a legal question for the court it is one answered at the summary judgment stage or later. *See, e.g., id.* at 934 ("Teresa Pritchett appeals from a summary judgment in favor of ICN Medical Alliance, Inc.").

8

floors on such premises were being cleaned.") *with Cuevas, supra,* 565 So.2d at 177 ("'It is well settled that a storekeeper is under a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of his customers.' . . . As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger that was known to the invitee or should have been observed by the invitee in the exercise of reasonable care."), and reading the allegations of the complaint (*see* Doc. 16, Exhibit A, COMPLAINT, at ¶ 13 ("On or about July 24, 2009, Plaintiff, who is deaf and mentally disabled, entered the Dollar General Store located on Azalea Road. Plaintiff had frequented this store many times before, both alone and with his family members. Once inside, Plaintiff began feeling sick to his stomach and proceeded to enter the restroom.")) in the light most favorable to plaintiff, as this Court must, it is clear to the undersigned, contrary to the moving defendants' position (*see* Doc. 16, MEMORANDUM, at 6 n.2 ("[T]here is no evidence before the court that Plaintiff was an invitee. He does not allege that he was an invitee, nor does he state for what purpose he visited the Dollar General premises aside from, perhaps, the need to use the restroom.")),[3] that Love was a customer/invitee of the Dollar General on July 24, 2009. *See Ex parte Kraatz,* 775 So.2d 801, 803 (Ala. 2000) ("'Generally, a patron of a business, such as a shopping center, in an

---

[3] The undersigned finds the moving defendants' argument in this regard curious in light of their citation to various cases regarding a storekeeper's duty vis-a-vis his/its customers. (*See* Doc. 16, MEMORANDUM, at 5-6) In citing to those cases, the moving defendants backhandedly admit that Love was a customer of the Dollar General Store on the date in question and since, as aforesaid, the Alabama Supreme Court uses the words customer and invitee interchangeably, the moving parties have implicitly assumed, as well, that Love was an

invitee.'").[4]

---

invitee of the Dollar General on July 24, 2009.

    [4]    In Alabama, an individual who enters onto the premises of another can hold only one of three statuses: trespasser, licensee, or invitee. *See, e.g., Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161 (Ala. 1997) ("'In Alabama the duty owed by a landowner to a person on his property varies greatly based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee . . . .'"); *Shelton v. Boston Financial, Inc.,* 638 So.2d 824, 825 (Ala. 1994) ("In Alabama the duty owed by a landowner to a person on the landowner's property varies greatly, based upon the classification of the person on the property. Alabama law imposes three levels of duty. The highest duty is owed to invitees."). Love could only have one of these three statuses on the date in question which is why, given the allegations of the complaint, the undersigned finds, for purposes of the present motion, that plaintiff was an invitee. It appears to the undersigned that the best case scenario for the moving defendants is that plaintiff's status would be a question for the jury. *See Edwards v. Intergraph Services Co., Inc.,* 4 So.3d 495, 502 (Ala.Civ.App. 2008) ("'As a general rule, the question whether a plaintiff is a licensee or is an invitee is factual, and should therefore be resolved by the trier of fact.'").

6. In light of the foregoing, it is clear to the undersigned that Gooden and Dollar General did, in fact, owe Love a duty, namely to exercise reasonable care in providing and maintaining reasonably safe premises for his use. The moving defendants' citation to Alabama cases which establish that a defendant is only liable to a plaintiff for the criminal actions of a third party if the defendant knew or had reason to know of a probability of conduct by that third person that would endanger the plaintiff, *see, e.g., Ex parte Wild Wild West Social Club, Inc.,* 806 So.2d 1235, 1240 (Ala. 2001); *Finley v. Patterson,* 705 So.2d 826, 829 (Ala. 1997); *Moye v. A.G. Gaston Motels, Inc.,* 499 So.2d 1368 (Ala. 1986), does not assist this Court's analysis inasmuch as there is nothing to suggest that the actions of the police officers in question amounts to criminal conduct.[5]

---

[5] Moreover, these cases are distinguishable because Gooden and Dollar General hailed the police to the store for the specific purpose of extracting plaintiff from the bathroom. Finally, the undersigned finds these cases of no assistance at this stage in the proceedings since they were all decided at a much later stage in the proceedings. *See Ex parte Wild Wild West Social Club, Inc., supra*, 806 So.2d at 1237 (case submitted to jury); *Finley, supra,* 705 So.2d at 827 (trial court directed a verdict for the defendant); *Moye, supra*, 499 So.2d at 1369 (trial court granted summary judgment in favor of the defendants).

The defendants further contend that even assuming they created a dangerous condition by calling the police, they cannot be held responsible for plaintiff's injury at the hands of the police (i.e., the intervention of another) because of the lack of reasonable foreseeabilty. "It is settled law in Alabama that even if one negligently creates a dangerous condition, he or she is not responsible for injury that results from the intervention of another cause, if at the time of the original negligence, the intervening cause cannot reasonably be foreseen." *Sims v. Crates*, 789 So.2d 220, 224 (Ala. 2000); *see Alabama Power Co. v. Moore*, 899 So.2d 975, 979 (Ala. 2004) ("The proximate cause of an injury is that cause which, in the natural and probable sequence of events, and without the intervention or coming in of some new or independent cause, produces the injury, and without which the injury would not have occurred. [I]f a new, independent act breaks the chain of causation, it supersedes the original act, which thus is no longer the proximate cause of the injury. [A]n [act] is superceding only if it is unforeseeable. A *foreseeable* intervening [act] does not break the causal relationship between the defendants' actions and the plaintiffs' injuries." (internal quotation marks and citations omitted; emphasis in original)); *cf. Ex*

Instead, as aforesaid, it is clear to the undersigned that because the moving defendants owed a legal duty to Love as an invitee to the General Dollar on the date in question judgment in favor of these defendants at the motion to dismiss stage, if not beyond, is impermissible. *Cf. Ex parte Mountain Top Indoor Flea Market, supra,* 699 So.2d at 161 ("[A] summary judgment is rarely appropriate in negligence and personal injury cases."); *Hawkins v. Montgomery Industries Int'l, Inc.,* 536 So.2d 922, 926-927 (Ala. 1988) ("'[R]arely is summary judgment appropriate in a claim based on negligence. Stated another way, this Court is firmly committed to a rule of extreme caution in its review of a summary judgment granted in a tort claim context. But not even the application of this rule can spare the plaintiff from the fate of summary judgment where, after opportunity

---

*parte Wild Wild West Social Club, Inc., supra,* 806 So.2d at 1241 ("'[F]oreseeability must be based on the probability that harm will occur, rather than the bare possibility.").

     The problem with the moving defendants' argument in this regard, again, is that none of the foregoing cases were decided on motion to dismiss for failure to state a claim upon which relief may be granted. *See Moore, supra,* 899 So.2d at 977 ("Alabama Power Company [] appeals from a judgment entered on a jury verdict, awarding David Moore compensation for injuries he sustained when he came into contact with an electrified guy wire, as well as punitive damages. We reverse and remand."); *Ex parte Wild Wild West Social Club, Inc., supra*, 806 So.2d at 1237 (case submitted to jury); *Sims, supra,* 789 So.2d at 222 ("Jerry W. Sims filed a wrongful-death action against Michael T. Ilczyszin and Clark McDuffie Crates. The trial court entered a summary judgment in favor of Ilczyszin and a judgment on a jury verdict in favor of Crates. Sims appeals. We affirm the judgment in favor of Ilczyszin, reverse the judgment in favor of Crates, and remand."). This is undoubtedly because, as recognized in *Moore, supra,* "'[o]rdinarily, it is a jury question whether consequences of an act are reasonably foreseeable, but, in a proper case, it is a legal question.'" 899 So.2d at 979 (citation omitted). Reasonable foreseeability becomes a legal question only "'[w]hen . . . the facts of the cause are not conflicting, and where there can be no reasonable difference of opinion as to the conclusion to be reached upon them[.]'" *Id*. (citation omitted). This Court will not be in a position to make the foregoing determinations until after the completion of discovery and it has before it all the facts surrounding the events of July 24, 2009.

for full discovery, the evidence, when viewed most favorably to the plaintiff under the scintilla rule, fails to raise a reasonable inference that the alleged negligence was the proximate cause of the injuries complained of.'"); *Cabaniss v. Wilson*, 501 So.2d 1177, 1182 (Ala. 1986) ("[I]n negligence and personal injury cases, where the facts constituting the conduct of the parties, *as well as the standard of care which they should have exercised* are to be determined, the case is rarely appropriate for summary judgment." (emphasis in original)). In other words, the questions of whether the defendants breached the duty they owed Love,[6] proximate causation, and damages are questions normally reserved for the jury. *Jones Food Co., Inc. v. Shipman,* 981 So.2d 355, 361 (Ala. 2006) ("If the trial court determines that the defendant owed the plaintiff a duty, then the questions of breach of that duty, proximate causation and damages are normally resolved by the jury."); *see also Pritchett, supra,* 938 So.2d at 938 ("'[Q]uestions regarding breach of that duty . . . and proximate cause are ordinarily questions of fact for the jury.'").

7. Because the moving defendants owed a legal duty to plaintiff, plaintiff's negligent and/or wanton failure to train claim asserted against Dollar General cannot be dismissed. (*See* Doc. 16, at 10 (dismissal of failure to train claim premised on lack of duty))

---

[6] The undersigned reads the complaint as alleging that the moving defendants breached their legal duty to the plaintiff/invitee by failing to simply unlock the bathroom door in light of their knowledge that plaintiff was the person in the bathroom and that he suffered from deafness and other disabilities, or by failing to communicate with the police plaintiff's deafness/disabilities, or by failing to communicate to the police the ease with which the door could have been unlocked.

8. Finally, the undersigned declines to recommend that plaintiff's allegations of wantonness be dismissed at this stage of the proceedings both because no discovery has been conducted and also because these allegations can easily be disposed of on summary judgment. In other words, plaintiff has properly alleged wantonness; it remains to be seen whether he can establish through the evidence garnered during the discovery process that the conduct of Gooden and Dollar General (or their failure to act) rises to the level of wantonness thereby allowing a jury to consider such claims. *Compare Avery v. Geneva County,* 567 So.2d 282, 289 (Ala. 1990) ("The defendants made a prima facie showing that there was an absence of wantonness; the plaintiff has not shown substantial evidence for the jury to consider on the question whether the conduct of the defendants constituted wantonness. As to the wantonness claim, the ***summary judgment*** is due to be affirmed." (emphasis supplied)) and *Berness v. Regency Square Associates, Ltd.,* 514 So.2d 1346, 1350 (Ala. 1987) ("We are of the opinion that this evidence was not sufficient to foreclose entry of a summary judgment on the wantonness count. In fact, the affidavit does not show what caused the fall of the elderly lady, only that it happened in the same area. We believe that under the facts of this case, there is not a scintilla of evidence of wanton misconduct on the part of any of the defendants; therefore, ***summary judgment*** was appropriate as to each defendant on the wantonness claim." (emphasis supplied)) *with Terry v. Life Ins. Co. of Georgia*, 551 So.2d 385, 385 & 387 (Ala. 1989) (reversing grant of summary judgment in a suit "alleging negligence and wantonness in the maintenance of carpet that allegedly created a dangerous condition that caused Mrs.

Terry to fall and injure herself.").

## **CONCLUSION**

In light of the foregoing, the motion to dismiss filed by defendants Dollar General Corporation and Kenneth Gooden (Doc. 16) is due to be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim against Gooden for negligent or wanton failure to properly train managers and employees should be **DISMISSED WITH PREJUDICE**; the motion to dismiss is otherwise due to be **DENIED**.[7]

**DONE** this the 21st day of June, 2010.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[7] The issues raised by the defendants with respect to plaintiff's remaining claims are, at best, conducive to summary judgment practice; dismissal of such claims is simply not proper under Alabama law.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).